UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Walter Benn,
    Plaintiff

vs                                Case No. 1:07-cv-854-HJW-TSH
                                       (Weber, Sr. J.; Hogan, M. J.)

James B. Peake, Secretary
Department of Veterans Affairs[1], et. al.,
    Defendants

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendants' motion to dismiss, plaintiff's memorandum in opposition, and defendant's reply. (Docs. 13, 14, 15). For the reasons set forth more fully below, defendants' motion should be granted in part and denied in part.

Pro se plaintiff Walter Benn initiated this action with the filing of a complaint on October 12, 2007against his employer, The Department of Veterans Affairs, and EEOC Chair, Naomi Earp and Carlton Hadden, EEOC Director of Federal Programs. The narrative portion of the complaint states as follows:

---

[1] James B. Peake was sworn into office as the Secretary of the Department of Veterans Affairs on December 20, 1007, and is substituted as the proper defendant in this case.

> After filing yet my 2nd (official) EEO complaint for same thing, involving same RMO as first incident (see dismissed case no.05-cv-380, whereupon case was dismissed because it was indicated I failed to state a claim in which relief may be granted?) Agency ORM Officials failed to seek resolution. I established prima facie case for age, yet EEOC and Agency ignored evidence of record and chose inappropriately to rely on Agency's asinine and questionable statement pertaining to how the duties of the position had been "significantly enhanced" since the time I successfully did the job prior to it being upgraded. I challenged this statement, because no job description revision had ever been performed to my knowledge, yet the position applied for had been upgraded to GS-7 when, in fact, mine had been inexplicably downgraded to GS-5, although same series, title, etc. The record reflects that I have been downgraded, denied numerous other jobs, promotions, and denied right to priority consideration for grade previously held and subjected to numerous incidents of disparate treatment; refusing to undergo ADR, job modification, position review, and most recently threatened with poor performance rating, all this escalating since making disclosures around 2003 of waste, fraud and abuse. I believe any reasonable person can see a nexus exists, but No Fear Act is not taken seriously by management officials, nor are EEO or Merit Principles.

(Doc. 1, Complaint, pp. 2-3, ¶ III). Attached to plaintiff's complaint is a copy of the August 23, 2007 EEOC decision denying plaintiff's request for reconsideration of the Agency's final decision, and providing notice of plaintiff's right to sue. (Doc. 1, Ex. A, attached).

Defendants contend that plaintiff's complaint should be dismissed because: (1) certain claims raised in prior litigation are barred based on issue preclusion; (2) plaintiff's complaint fails to state a claim of age or disability discrimination, and (3) the Court lacks subject matter jurisdiction over the EEOC and plaintiff cannot state a claim for relief against the Agency or its representatives.

## Plaintiff's Retaliation Claims Against the VA Based on Allegations of Waste, Fraud, and Abuse Raised in His Prior Litigation Are Barred by Issue Preclusion

Issue preclusion refers to the effect of a judgment in foreclosing relitigation of a matter that has been litigated and decided. *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 77 n.1 (1984); *Darby v. United States Dept. Of Energy*, 2007 WL 1026366 (S.D. Ohio March 30, 2007)(Dlott, J.). In other words, under the doctrine of issue preclusion (sometimes referred to as collateral estoppel), party is barred from asserting claims that have already been actually litigated and lost in a prior action. *Cobbs v. Katona*, 8 Fed. Appx. 437, 2001 WL 468154 at *1 (6th Cir. April 27, 2001). A prior dismissal for failure to state a claim upon which relief may be granted pursuant to Fed. R. Civ. P. 12(b)(6) operates as an adjudication on the merits for issue preclusion purposes. Id. (citing *Rogers v. Stratton Indus., Inc.*, 798 F.2d 913. 917 (6th Cir. 1986)).

In Case No. 1:05-cv-380-SSB-TSB, plaintiff filed a pro se complaint against defendant James Nicholson, Secretary of the Department of Veterans Affairs. In this previous action, plaintiff alleged that he was subjected to retaliation and adverse employment action by his employer, the VA, after he raised allegations of waste and fraud against other VA employees and filed a complaint with the Merit System Protection Board related to these fraud allegations. Plaintiff also asserted claims of disability discrimination. The District Court adopted the Report and Recommendation of the Magistrate Judge that plaintiff's retaliation claims be dismissed for failure to state a claim because plaintiff failed to assert and/or allege

3

any facts establishing that he engaged in a protected activity, *i.e.*, that he opposed conduct or practices that violate Title VII. *See Jamil v. Secretary, Dept. of Defense,* 910 F.2d 1203, 1207 (4th Cir. 1990); Case No. 1:05-cv-380-SSB-TSB, Doc. 40, Order Granting Motion to Dismiss, pp.3-4.

To the extent that plaintiff's complaint in the present case attempts to raise claims based on alleged retaliation by the VA for his prior complaint of fraud and waste against other VA employees, these issues have been previously adjudicated and are thus subject to the doctrine of issue preclusion. For these reasons, defendants' motion to dismiss should be granted as to any claims for retaliation or adverse employment actions taken against him for his prior reports of fraud and abuse.

### Defendant's Motion to Dismiss Plaintiff's Age and Disability Discrimination Claims for Failure to State a Claim Should Be Granted in Part and Denied in Part

In determining a motion to dismiss for failure to state a claim, the allegations in the complaint must be taken as true and construed in the light most favorable to the nonmoving party. *Westlake v. Lucas*, 537 F.2d 857 (6th Cir. 1976). In other words, the purpose of a motion under Fed. R. Civ. P. 12(b)(6) is to test the formal sufficiency of plaintiff's claims for relief, not to resolve contested facts or rule upon the merits of the case. *Klusty v. Taco Bell Corp.*, 909 F. Supp. 516, 519 (S.D. Ohio 1995)(Merz, M.J.).

More than bare assertions of legal conclusions are required to satisfy federal notice pleading requirements. *Sogevalor S.A. v. Penn Central Corp.*, 771 F. Supp.

890, 893 (S.D. Ohio 1991)(Rubin, J.). A complaint must contain "either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988); *Columbia Natural Resources, Inc. v. Tatum*, 58 F.3d 1101 (6th Cir. 1995). A complaint will not be dismissed when plaintiff fails to plead facts in support of "every arcane element of his claim," but when a complaint "omits facts that, if they existed, would clearly dominate the case," it is fair to assume that those facts do not exist. *McGregor v. Industrial Excess Landfill, Inc.*, 856 F.2d 39, 43 (6th Cir. 1988) (quoting *O'Brien v. DiGrazia*, 544 F.2d 543, 546 n.3 (1st Cir. 1976), *cert. denied sub nom. O'Brien v. Jordan*, 431 U.S. 914 (1977)). Although pro se complaints are held to less stringent standards as compared with formal pleadings drafted by attorneys, the Court is not required to fabricate allegations which are not plead. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979).

As the Supreme Court recently held in *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, (May 21, 2007), a complaint must be dismissed pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 1974. While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, "a plaintiff's obligation to provide the grounds of his entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1965. Thus, to survive a motion to dismiss, the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Id.*

5

Although a court cannot consider matters outside the pleadings in deciding a motion to dismiss, exhibits attached to the complaint may be taken into account. *Amini v. Oberlin College,* 259 F.3d 493, 502 (6th Cir.2001). Moreover, when a defendant attaches documents to a motion to dismiss that are central to the plaintiff's complaint, the documents are properly considered part of the pleadings and, therefore, the court may consider these documents without converting the defendant's motion to one for summary judgment. *Weiner v. Klais & Co.,* 108 F.3d 86, 88-89 (6th Cir.1997).

In his previous lawsuit, plaintiff apparently attempted to assert disability discrimination claims, which were dismissed for failure to exhaust administrative remedies. See Case No. 1:05-cv-380-SSB-TSB, Doc. 38, Report and Recommendation, pp. 2-4; Doc. 40, Order Granting Motion to Dismiss, pp.3-4. Defendant argues that any discrimination claims alleged in the present complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) because plaintiff's complaint fails to state a claim for age and/or disability discrimination. The Court agrees with defendants that the present complaint fails to set forth a claim for disability discrimination. Nothing in the narrative section of plaintiff's pro se complaint mentions, describes, or otherwise alleges disability discrimination. On this point, defendants' motion is well-taken and should be granted. See p. 2, *supra*.

By contrast, the Court concludes that plaintiff's complaint does set forth a claim of age discrimination, albeit in the most bare bones fashion. The narrative portion of plaintiff's complaint states in pertinent part:

6

> I established prima facie case for age, yet EEOC and Agency ignored evidence of record and chose inappropriately to rely on Agency's asinine and questionable statement pertaining to how the duties of the position had been "significantly enhanced" since the time I successfully did the job prior to it being upgraded. I challenged this statement, because no job description revision had ever been performed to my knowledge, yet the position applied for had been upgraded to GS-7 when, in fact, mine had been inexplicably downgraded to GS-5, although same series, title, etc. The record reflects that I have been downgraded, denied numerous other jobs, promotions, and denied right to priority consideration for grade previously held and subjected to numerous incidents of disparate treatment . . . .

(Doc. 1, Complaint, pp. 2-3, ¶ III). In addition, plaintiff attached a copy of the EEOC Notice and Right to Sue letter following the filing of his administrative complaint. (Doc. 1, Complaint, Ex. A, EEOC Denial Decision, attached). The EEOC Denial Decision and Right to Sue Letter makes clear that plaintiff raised claims of age discrimination in his EEOC charge. Upon review of defendants' motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court should take into account the EEOC Denial Decision and Right to Sue letter which was attached to the complaint. *Amini v. Oberlin College*, 259 F.3d 493, 502-03 (6th Cir. 2001). Reading the EEOC Denial and plaintiff's pro se complaint together, plaintiff has set forth allegations that he was a member of the protected class, discriminated against because of his age, that he was qualified for a position sought and was not selected because of his age. These allegations are sufficient to give defendants fair notice of plaintiff's claims in accordance with Fed. R. Civ. P. 8 and the Rule's notice pleading requirements. *Brandon v. Modine Mfg.*, 2007 WL 148838 (N.D. Ohio Jan. 16, 2007).

While pro se litigants must draft pleadings that meet the requirements of the

7

federal rules, *Burnett v. Grattan*, 468 U.S. 42, 50 (1984), nevertheless, they are entitled to some measure of leniency. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *Davis v. Sodexho Cumberland College Cafeteria*, 157 F.3d 460, 463 (6th Cir. 1998); *Brandon v. Modine Mfg.*, 2007 WL 148838, at *2 (N.D. Ohio Jan. 16, 2007). In this case, plaintiff is proceeding pro se, while on the other hand, defendants are ably represented by the office of the United States Attorney, which undoubtedly will have no problem sorting through the various pleadings and filings to hone in on the facts underpinning plaintiff's allegations of age discrimination. For these reasons, defendants' motion to dismiss plaintiff's age discrimination claim pursuant to Fed. R. Civ. P. 12(b)(6) should be denied.

## Defendants' Motion to Dismiss for Lack of Jurisdiction Should Be Granted as to the Claims Against Earp, Hadden and the EEOC

Under a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, defendants can attack the complaint's jurisdictional allegations even though they are formally sufficient. *Baker v. Siemens Energy and Automation, Inc.*, 838 F. Supp. 1227, 1229 (S.D. Ohio 1993)(Spiegel, J.). Plaintiff must demonstrate jurisdiction in order to survive the motion. *Moir v. Greater Cleveland Regional Transit Authority*, 895 F.2d 266, 269 (6th Cir. 1990). "Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Fed. R. Civ. P. 12(h)(3).

Plaintiff has failed to demonstrate any basis for asserting claims against the EEOC as the enforcement agency in an action in which plaintiff alleges discrimination by a third party, in this case, the VA. Neither the ADA, the

8

Rehabilitation Act, nor Title VII afford such jurisdiction. *Adams v. EEOC*, 932 F. Supp. 660, 664 (E.D. Pa 1996).

## IT IS THEREFORE RECOMMENDED THAT:

Defendants' motion be GRANTED IN PART as to plaintiff's retaliation claims raised in his previous lawsuit, plaintiff's claims against Earp, Hadden, and the EEOC and plaintiff's disability discrimination claims; and that defendants' motion be DENIED as to plaintiff's age discrimination claims against the VA.

_____
Timothy S. Hogan
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

Walter Benn,
    Plaintiff

vs                                      Case No. 1:07-cv-854-HJW-TSH
                                          (Weber, Sr. J.; Hogan, M. J.)

James B. Peake, Secretary
Department of Veterans Affairs[2], et. al.,
    Defendants

## NOTICE

    Attached hereto is the Report and Recommended decision of the Honorable Timothy S. Hogan, United States Magistrate Judge, which was filed on 9/30/2008. Any party may object to the Magistrate's findings, recommendations, and report within (10) days after being served with a copy thereof or further appeal is waived. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Such parties shall file with the Clerk of Court, and serve on all Parties, the Judge, and the Magistrate, a written Motion to Review which shall specifically identify the portions of the proposed findings, recommendations, or report to which objection is made along with a memorandum of law setting forth the basis for such objection, (such parties shall file with the Clerk a transcript of the specific portions of any evidentiary proceedings to which an objection is made).

    In the event a party files a Motion to Review the Magistrate's Findings, Recommendations and Report, all other parties shall respond to said Motion to Review within ten (10) days after being served a copy thereof.

---

[2]     James B. Peake was sworn into office as the Secretary of the Department of Veterans Affairs on December 20, 1007, and is substituted as the proper defendant in this case.

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY | |
|---|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X | ☐ Agent<br>☐ Addressee |
| | B. Received by (Printed Name) | C. Date of Delivery |
| 1. Article Addressed to:<br><br>Walter Benn<br>3443 Alta Vista Ave<br>Cinti, OH 45211 | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No | |
| | 3. Service Type<br>☒ Certified Mail ☐ Express Mail<br>☐ Registered ☐ Return Receipt for Merchandise<br>☐ Insured Mail ☐ C.O.D. | |
| | 4. Restricted Delivery? (Extra Fee) ☐ Yes | |
| 2. Article Number<br>(Transfer from service label) | 7007 0710 0000 8134 9120 | |

PS Form 3811, August 2001     Domestic Return Receipt     102595-02-M-1540

1:07cv854 (Doc. 23)