UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Walter Benn,
    Plaintiff

vs                                  Case No. 1:07-cv-854-HJW-TSH
                                    (Weber, Sr. J.; Hogan, M. J.)

James B. Peake, Secretary
Department of Veterans Affairs[1], et. al.,
    Defendants

## REPORT AND RECOMMENDATION

This matter is before the Court on pro se plaintiff Benn's summary judgment motion, and defendants' response. (Docs. 20, 21).

Pro se plaintiff Walter Benn initiated this employment discrimination action with the filing of a complaint on October 12, 2007 against his employer, the Department of Veterans Affairs, EEOC Chair, Naomi Earp, and Carlton Hadden, EEOC Director of Federal Programs. Plaintiff's complaint alleges claims of retaliation for prior complaints against the Department of Veteran's Affairs, and claims for age and disability discrimination. Defendants moved to dismiss the

---

[1] James B. Peake was sworn into office as the Secretary of the Department of Veterans Affairs on December 20, 1007, and is substituted as the proper defendant in this case.

complaint, and on September 30, 2008, the undersigned issued a Report and Recommendation that plaintiff's retaliation and disability discrimination claims be dismissed. (Doc. 23). The Court further recommended that the claims against defendants Earp, Hadden, and the EEOC be dismissed. (Id.). The Court recommended denying the motion to dismiss insofar as plaintiff's complaint could be fairly read to raise age discrimination claims against the VA which were subject to administrative review before the EEOC, and were not raised in plaintiff's prior lawsuit. (Id.). This Court's Report and Recommendation, and plaintiff's objections thereto, are currently pending before the District Court.

Plaintiff moves the Court for summary judgment as to his retaliation claims. This motion should be denied for several reasons. First, the Court has recommended that plaintiff's retaliation claims be dismissed for the reasons set forth in this Court's September 30, 2008 Report and Recommendation. Second, the parties have not completed discovery in this case; therefore, plaintiff's motion is premature. Third, plaintiff's motion sets forth cursory legal authority in support of his position, but fails to demonstrate with specificity what facts, if any, warrant the grant of judgment in his favor on these claims.

A motion for summary judgment will be granted only if the evidence submitted to the court demonstrates that there is no genuine issue as to any material fact and that the movant is entitled to summary judgment as a matter of law. Fed. R. Civ. P. 56. *See also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). The moving party has the burden of showing the absence of genuine disputes over facts which, under the substantive law

governing the issue, might affect the outcome of the action. *Celotex*, 477 U.S. at 323.

The trial judge's function is not to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine factual issue for trial. *Anderson*, 477 U.S. at 249-50. In so doing, the trial court does not have a duty to search the entire record to establish that there is no material issue of fact. *Karnes*, 912 F. Supp. at 283. *See also Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479-80 (6th Cir. 1989); *Frito-Lay, Inc. v. Willoughby*, 863 F.2d 1029, 1034 (D.C. Cir. 1988). The inquiry is whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law. *Anderson*, 477 U.S. at 249-50.

As noted above, plaintiff has not set forth any facts in support of his motion. Therefore, the Court cannot conclude that he is entitled to judgment as a matter of law. Moreover, this Court finds that the claims upon which plaintiff seeks judgment in his favor are subject to dismissal based on issue preclusion. (See Doc. 23, pp. 3-4).

**IT IS THEREFORE RECOMMENDED THAT:**

Plaintiff's motion be DENIED.

*[signature]*
Timothy S. Hogan
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

Walter Benn,
    Plaintiff

vs                              Case No. 1:07-cv-854-HJW-TSH
                                  (Weber, Sr. J.; Hogan, M. J.)

James B. Peake, Secretary
Department of Veterans Affairs, et. al.,
    Defendants

# NOTICE

Attached hereto is the Report and Recommended decision of the Honorable Timothy S. Hogan, United States Magistrate Judge, which was filed on 3/16/09. Any party may object to the Magistrate's findings, recommendations, and report within (10) days after being served with a copy thereof or further appeal is waived. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Such parties shall file with the Clerk of Court, and serve on all Parties, the Judge, and the Magistrate, a written Motion to Review which shall specifically identify the portions of the proposed findings, recommendations, or report to which objection is made along with a memorandum of law setting forth the basis for such objection, (such parties shall file with the Clerk a transcript of the specific portions of any evidentiary proceedings to which an objection is made).

In the event a party files a Motion to Review the Magistrate's Findings, Recommendations and Report, all other parties shall respond to said Motion to Review within ten (10) days after being served a copy thereof.

4

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X ☒ Agent ☐ Addressee<br>B. Received by (Printed Name)   C. Date of Delivery |
| 1. Article Addressed to:<br><br>Walter Benn<br>3443 Alta Vista Ave<br>Cinti, OH 45211 | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No |
| | 3. Service Type<br>☒ Certified Mail   ☐ Express Mail<br>☐ Registered   ☐ Return Receipt for Merchandise<br>☐ Insured Mail   ☐ C.O.D.<br>4. Restricted Delivery? (Extra Fee)   ☐ Yes |
| 2. Article Number (Transfer from service label) | 7002 3150 0000 8388 4834 |
| PS Form 3811, August 2001 | Domestic Return Receipt   102595-01-M-2509 |

1:07cv854  Doc.27