**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

WALTER BENN                                              Case No. 1:07-cv-854

        Plaintiff,                                      Weber, J.
                                                        Bowman, M.J.

    v.

JAMES B. PEAKE, Secretary,
Department of Veterans Affairs, et al.,

        Defendants.

**REPORT AND RECOMMENDATION**

Plaintiff, proceeding *pro se*, initiated this action by filing a complaint on October 12,

2007 against his employer, the Department of Veterans Affairs, and other defendants,

alleging employment discrimination and retaliatory conduct. The parties have filed cross-

motions for summary judgment (Doc. 45, 46), which have been referred to the undersigned

for initial consideration and a report and recommendation.  28 U.S.C. §636(b).  For the

reasons set forth herein, I recommend that the Plaintiff's motion for summary judgment be

denied, and that the Defendant's cross-motion be granted.

### I.  Factual and Procedural Background

The instant case presents few factual disputes.  In 1999, Plaintiff began working at

the Veteran's Administration Medical Center (VAMC) in Cincinnati, Ohio as a Supply

Technician classified at the "GS-5" level.  After a probationary period, he was re-classified

as a "GS-6."   After approximately one year, he subsequently requested and received a

lateral transfer to a different position, where he remained until the events in question.

On June 24, 2005, VAMC posted a "Vacancy Announcement" for the position of "Supply Technician GS-5/6/7." (Doc. 46- 2 at ¶2 (Declaration of Ms. Criscillis)). The duties of the position, while similar to the position Plaintiff had held seven years previously, had undergone many changes over the intervening years. (Doc. 51-1 at 54).

Plaintiff applied for the position, along with approximately thirteen other candidates. Ten of the fourteen, including Plaintiff, were deemed qualified. (Doc. 46-2 at 1). Virginia Criscillis was both the ultimate decision-maker and Plaintiff's supervisor at the time of his application. (*Id.*). She created an interview panel comprised of three individuals: Harold Doughman, Michael Duncan, and Tammy Doan. ( *Id.* at 2). Plaintiff knew two of the three panelists slightly, and had never had any problems with any of the three panelists prior to his interview. (Doc. 46-1 at 7-8).

Eight of the ten qualified candidates were interviewed. Each was asked the same nine questions. At the end of the interview process, each of the panel members listed their top two candidates, ranked in order, to present to Ms. Criscillis. (Doc. 46-2 at 2). All three panel members chose the same two candidates: Clarence Taylor (a male over 50 years of age), and Sarah Fausz (a 25-year-old female). Plaintiff, while older than Ms. Fausz, was "substantially younger" than Mr. Taylor. (*Id.*). Two panelists listed Ms. Fausz as their top choice, while the third panelist ranked Mr. Taylor highest. (*Id.*). No panelist listed Plaintiff as a top candidate. Ultimately, Ms. Criscillis selected Ms. Fausz for the position. Ms. Fausz was hired at the GS 5 level, because she did not have prior experience in the position and required a significant amount of training. Had he been selected, Plaintiff would have been hired at the higher GS 7 level; he is currently classified at that level.

2

(Doc. 46-1 at 4).

Plaintiff had previously applied for the same position on multiple occasions: first in 2002, then in 2003, again in 2004, and finally, in 2005. (*Id.*).  In May of 2005, Plaintiff filed another employment discrimination case against the same employer in this court, concerning his applications for the same position. *See Benn v. Veteran's Administration*, Case No.1: 05-cv-380-SSB.   On August 31, 2007, the then-presiding magistrate judge, Judge Hogan, filed a Report and Recommendation ("R&R") that recommended dismissal of Plaintiff's claims for retaliation and disability discrimination.  The same R&R denied Plaintiff's motion for leave to amend his complaint to add new claims for age and sex discrimination. (Case No. 1:05-cv-580, Doc. 38).  Over Plaintiff's objections, the R&R was adopted as the opinion of the district court and judgment was entered in favor of the defendant employer on September 19, 2007.  (*Id.,* Doc. 40, 41).

Plaintiff filed this lawsuit two months later, on October 12, 2007.  Attached to Plaintiff's complaint as an exhibit is an EEOC decision dated August 23, 2007, denying Plaintiff's motion for reconsideration of a July 5, 2007 decision in which an ALJ found that Plaintiff had established a *prima facie* case of age discrimination, but that the agency had articulated a legitimate nondiscriminatory reason for the failure to hire, which Plaintiff had failed to show was pretextual.  (Doc. 1-1 at 1).

On September 30, 2008, Judge Hogan filed a Report and Recommendation granting Defendants' motion to dismiss the claims presented in Plaintiff's current federal complaint, to the extent that some of the claims were previously raised in Case No. 05-cv-380 and are barred by issue preclusion.  The same R&R recommended dismissal of Plaintiff's claim of disability discrimination, and of Plaintiff's claims against all non-employer

3

defendants.  (Doc. 23).   On March 15, 2009, Judge Hogan filed a second R&R that recommended denial of Plaintiff's motion for summary judgment on his retaliation claim, both because the court had already recommended dismissal of that claim, and because the motion for summary judgment, filed prior to completion of discovery, was procedurally premature. (Doc. 27).  On September 19, 2009, the presiding district judge adopted both R&Rs over Plaintiff's objection.  (Doc. 29).

After discovery was completed, the matter was reassigned to the undersigned magistrate judge.  Now ripe for review and disposition are Plaintiff's second motion for summary judgment (Doc. 45) and Defendant's cross-motion for summary judgment (Doc. 46).

## II. Analysis

### A. Summary Judgment Standard

In a motion for summary judgment, a court "must view the facts and any inferences that can be drawn from those facts ... in the light most favorable to the nonmoving party." *Keweenaw Bay Indian Comm. v. Rising,* 477 F.3d 881, 886 (6th Cir.2007) (internal quotation marks omitted).  "Summary judgment is only appropriate 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" *Id.* (quoting Fed.R.Civ.P. 56(c)) (internal quotation marks omitted). "Weighing of the evidence or making credibility determinations are prohibited at summary judgment-rather, all facts must be viewed in the light most favorable to the non-moving party." *Id.*

4

### B. Plaintiff's Motion

Plaintiff's motion continues to demonstrate confusion over the scope of this litigation. He argues that he has been "continually subjected to retaliation," and complains vociferously about prior instances in which he applied for but was not hired for the same position. Plaintiff also complains that he was not granted an EEOC hearing, that unnamed "Management Officials" attempted to "sabotage" prior EEOC proceedings, and that he was not provided all of the documents in his EEOC case file. (Doc. 45 at 9-10). None of these claims are cognizable in this proceeding, which is limited to review of Plaintiff's claim that the Defendant discriminated against him based on his age when it failed to hire him for the position of Supply Technician in 2005.

As previously recognized by this court, Plaintiff's prior claims of employment discrimination and retaliation were dismissed with prejudice in Case No. 1:05-cv-380. Plaintiff now argues that his claim of retaliation should be recognized in this proceeding, to the extent that it pertains to new acts of retaliation to which Plaintiff has been subjected since the dismissal of his prior case. (Doc. 45 at 4). However, Plaintiff fails to allege dates following the dismissal of Case No. 1:05-cv-380 on which specific retaliatory actions were taken by Defendant. Instead, Plaintiff's allegations are non-specific and conclusory against unidentified "management."

To the extent that such new claims of retaliatory conduct exist, they may not be reviewed at this late stage of the proceedings. Nor will this court rehash Defendant's prior failure to select Plaintiff for the same position, both because of the issue preclusion discussed in the prior R&R (Doc. 23) and because the claims were procedurally barred from consideration in the prior EEOC proceeding. As reflected in the exhibit attached to

Plaintiff's complaint, the EEOC noted that

> complainant's previous non-selections cannot be considered as part of the subject case.  While complainant further described other incidents which he believed occurred due to management's discriminatory animus toward him...since these other incidents were not previously raised as part of the present complaint, the Commission cannot review these new claims as part of the current appeal.

(Doc. 1-1 at 2).  *See also generally Oscar Meyer & Co. v. Evans,* 441 U.S. 750, 753-55, 99 S. Ct. 2066 (1979)(claims must be first reviewed by appropriate administrative agency).

Because Plaintiff's motion for summary judgment rests primarily on complaints not cognizable in this litigation, his motion should be denied.  To the extent that Plaintiff includes additional arguments that more directly pertain to this litigation, his arguments are discussed below in the context of Defendant's cross-motion for summary judgment.

### C.  Defendant's Motion

### 1.  *Prima Facie* Case

The Age Discrimination in Employment Act ("ADEA") prohibits discrimination in employment on the basis of age.  To establish his *prima facie* case under the Age Discrimination in Employment Act ("ADEA") Plaintiff must show: 1) he is over the age of forty; 2) he applied for a job for which he was qualified; 3) he was not selected for the position; and 4) a significantly younger individual was selected.  *O'Connor v. Consolidated Coin Caterers Corp.*, 517 U.S. 308, 311-312, 116 S. Ct. 1307 (1996).

"[T]he plaintiff retains the burden of persuasion to establish that age was the "but-for" cause of the employer's adverse action."  *Gross v. FBL Financial Services, Inc.*, 129 S.Ct. 2343, 2351 (2009).  A plaintiff may carry this burden by presenting either direct or circumstantial evidence.  However, unlike in Title VII cases involving other forms of

6

employment discrimination, the burden of proof does not shift to the defendant merely because a plaintiff has demonstrated that his age was "one factor" in the employer's adverse decision. *Id.* ; *see also Geiger v. Tower Automotive,* 579 F.3d 614 (2009).

## 2. Defendant's Non-discriminatory Reason for Decision

Plaintiff has established that he was over 40 years old at the time of his non-selection in 2005, and the Defendant concedes that Plaintiff has established a *prima facie* case. However, Defendant argues that it is entitled to summary judgment because Defendant articulated a non-discriminatory reason for its action that Plaintiff cannot overcome. Defendant's arguments rest on the familiar evidentiary framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S. Ct. 1817 (1973).

Notwithstanding the Supreme Court's statement that it has "not definitively decided" whether use of the *McDonnell Douglas* framework is "appropriate in the ADEA context," *see Gross*, 129 S.Ct. at 2349 n.2, Sixth Circuit precedent confirms its continuing application in this circuit. *See Geiger v. Tower Automotive*, 579 F.3d at 622. Under *McDonnell Douglas*, once a plaintiff establishes a *prima facie* case of age discrimination, the burden of production passes to defendant to articulate a legitimate nondiscriminatory reason for its employment action. *Simpson v. Midland-Ross Corp,* 823 F.2d 937, 940 (6th Cir. 1987). If such a reason is proffered, the employee bears the burden of showing that it is not the true reason but instead was a pretext for discrimination. *Imwalle v. Reliance Medical Products, Inc.,* 515 F.3d 531, 544 (6th Cir. 2008). Of course, regardless of the reasons offered by the employer, a plaintiff's failure to show that age was the "but-for" cause of the adverse employment action against him will always defeat his claim. *See*

*Geiger*, 579 F.3d at 625 (because plaintiff failed to present evidence that the decision-maker refused to hire him based on age, he could not establish that the preference for the younger candidate was discriminatory).

In this case, the non-discriminatory reason for the failure to hire Plaintiff offered by Defendant is that Plaintiff was not rated among the top candidates by a neutral selection panel, and therefore was not included in the final candidate pool from which Ms. Criscillis filled the open position. Ms. Criscillis stated that she limited her final selection to the "top two" selected by the panel.

The selectee, Ms. Fausz, was rated as the top candidate by two of the panelists, and was rated second by the third panelist. The second choice candidate was another male older than Plaintiff, undermining any claim of age bias by the panelists. The selectee had superior communication skills compared to all other candidates. (Doc. 46-2 at ¶ 6-7). In deposition, Criscillis testified that the key qualifications for the position were "communication skills" and the ability to "be a team player with the other Item Managers." (Doc. 51-1 at 19). She further testified that Ms. Fausz "had excellent communications skills, that was her major, and she looked very trainable, the way she expressed herself. Her interview was excellent." *(Id.* at 23). By contrast, all three panelists testified that Plaintiff's responses to their questions during his interview were poor. *(Id.*). On similar facts involving the selection of candidates by a panel of interviewers, courts have concluded that summary judgment is appropriate. *See, e.g., Parnell v. Stone*, 793 F. Supp. 742 (E.D. Mich. 1992), *aff'd* 12 F.3d 213 (6th Cir. 1993(Table)(plaintiff ranked lowest of four candidates following interview before panel could not overcome non-discriminatory reason offered for non-selection and show that she would have been selected "but for" his

8

age, where another candidate rated above plaintiff was also over 40).

### 3. Plaintiff's Evidence of Pretext

To rebut Defendant's proffered explanation, Plaintiff must show  by a preponderance of the evidence either (1) that the proffered reasons had no basis *in fact*, (2) that the proffered reasons did not *actually* motivate the employer's conduct, or (3) that they were *insufficient* to motivate the challenged conduct.  *See White v. Columbus Metropolitan Housing Authority*, 428 F.3d 232, 245 (6th Cir. 2005)*;  Manzer v. Diamond Shamrock Chemicals Co.,* 29 F.3d 1078, 1084 (6th Cir. 1994).  If the opposing party cannot rebut the employer's non-discriminatory reason, summary judgment is warranted.  *Coomer v. Bethesda Hosp. Inc.*, 370 F.3d 499, 510-511 (6th Cir. 2004).

Plaintiff first argues that his employer "chose ...to use a three panel interview...process for selecting applicant for position/promotion specifically so as to appear to have a required articulated response or "reason' for Plaintiff's non-selection," noting that Defendant had not used a similar process to fill prior vacancies in 2002, 2003, or 2004.  (Doc. 45 at 3).  However, Defendant's alleged motivation in using the panel- to avoid any appearance of discriminatory bias - *supports* the grant of summary judgment in this case in the absence of evidence that decision makers discriminated against Plaintiff on the basis of his age.

Plaintiff next argues that Defendant's articulated reason (the panelists' rating) was not the true reason for his non-selection because Plaintiff was rated higher than Ms. Fausz prior to the interview process.  Plaintiff's argument is contradicted in part by Criscillis's deposition testimony that even without the panel's selections, she likely would have

narrowed the candidate pool to Clarence Taylor and Sarah Faust as the top two candidates, based solely on written qualifications.  (*Id.* at 43). *See Frausto v. Legal Aid Society of San Diego, Inc.,* 563 F.2d 1324, 1328 (9th Cir. 1977)(It does not automatically follow from the fact that a plaintiff may have had more *experience* than another candidate that he was more *qualified* than the other candidate).

Even if Plaintiff's written qualifications were superior (evidence that Plaintiff has failed to place in the record), that fact became irrelevant after the interview process when Ms. Fausz was rated as the stronger candidate.  Doughman testified that he evaluated the candidates "more strongly weighted on the interview questions and responses....than the KSAs.[1]" (Doc. 51-1 at 68).  All three panelists testified that the top candidates interviewed well, whereas Plaintiff interviewed poorly.

The fact that the panel chose the top candidates based upon their subjective evaluations following the candidates' interviews does not mean that the Defendant's failure to hire Plaintiff was driven by age discrimination.  Although subjective criteria may invite closer scrutiny for age-related bias, "[q]uestioning the decision-maker's hiring criteria is not within the province of the court, even if the process was entirely subjective." *Browning* v. *Dept. of Army*, 436 F.3d 692, 698; *Conner v. State Farm Mut. Auto. Insur. Co.*, 273 Fed. Appx. 438, 2008 WL 961560 (6th Cir. April 9, 2008)(candidate's dislike of selection process failed to establish that employer's subjective criteria were discriminatory or pretextual).  When separate interviewers reach the same conclusion, the subjective basis for the decision is less likely to give rise to an inference of discrimination.  *See Petty v. Tennessee*

---

[1]Although it is clear from the record that the term "KSAs" refers to written qualifications, the definition of the acronym is not provided.

*Dept. of Children's Serv.,* 2008 WL 53766 (E.D. Tenn. 2008)(*citing Plumb v. Potter*, 212 Fed. App'x 472, 480 n.3 (6th Cir. 2007).   "The law does not require employers to make perfect decisions, nor forbid them from making decisions that others may disagree with." *Hartsel v. Keys*, 81 F.3d 795, 801 (6th Cir. 1996).   The court's role "is to prevent unlawful hiring practices, not to act as a 'super personnel department' that second guesses employers' business judgments."   *Simms v. Okla. ex rel. Dept. of Mental Health & Substance Abuse Servs.*, 165 F.3d 1321, 1330 (10th Cir. 1999)(citation omitted).

Plaintiff also suggests that evidence of pretext exists because he was advised of different reasons for his non-selection at different points in time.  At one point, Plaintiff states that he was told he was not selected because he would be required to undergo the same training that a GS 5 level employee would be required to undergo, despite being a GS 7.  (Doc. 45 at 12).  Plaintiff alleges that he was later told that he was not hired due to the fact that the panel did not select him as a top candidate.

Examination of the evidence submitted by Plaintiff himself reveals no inconsistency. The position offered a range of classification -from GS 5 to GS 7.  Doughman testified that they anticipated having to train those at the GS 5 level, but believed that "minimal training" should be required for someone at the GS 7 level.  However, Doughman testified that he believed that Plaintiff would require significant training - the same amount of training that would have to be provided to someone starting at the lower GS 5 salary level.  (Doc. 51-1 at 75-77).  Sarah Fausz was classified at the GS 5 level and had no prior experience, but the panelists and Criscillis believed her to be "trainable."  Thus, one of the reasons that Plaintiff was rated lower by Doughman during the interview process was the fact that he would require the same amount of training as a "GS 5" person despite his higher salary,

11

but (in Doughman's view) might not be as "trainable."  (*Id.* at 77).  Overall, all panelists rated Plaintiff lower than other candidates after the interview for a variety of reasons. Therefore, the "need-for-training" reason provided to Plaintiff was one component of and consistent with the other reason provided - his lack of selection by the panel.

Plaintiff additionally contends that the panel itself harbored bias against him. Plaintiff suggests that because the panel was chosen by Criscillis, it must have been biased.  Again, in the absence of evidence of age discrimination (by either Criscillis or panel members), the selection of the panel members by Criscillis does not prove Plaintiff's claim.

Plaintiff next argues that he has both direct and indirect evidence of age discrimination by panel members.  As direct evidence, he alleges that one of the panel members "is documented as having said something to the effect of, he chose (someone else; name withheld) because she was '**young and enthusiastic**' and eager to learn a new job." (Doc. 45 at 8, emphasis original).  Multiple deficiencies plague this "evidence."  First, the comment is paraphrased as "something to the effect of" rather than a direct quotation, leading to some doubt as to what was said.  Plaintiff fails to identify the panel member name, the name of the candidate, or the position; leaving the court to speculate whether the alleged comment refers to Ms. Fausz's selection in 2005, or the selection of some other employee for some other position.  The potential for confusion is particularly evident because Plaintiff repeatedly references other selection processes.  Moreover, it is doubtful whether such scant evidence would be sufficient to show pretext, given that there were three panel members, and all included a male over the age of 50 as a top choice in addition to Ms. Fausz.  "[C]ourts have found only the most blatant remarks, whose intent

12

could be nothing other than to discriminate on the basis of age, to constitute direct evidence of discrimination." *See Carter v. Miami*, 870 F.2d 578, 582 (11th Cir. 1989)(collecting cases).   Last, the allegation is insufficient to show pretext in this case since Plaintiff has failed to submit any admissible "documentation" of the comment.  "It is well settled that only admissible evidence may be considered by the trial court in ruling on a motion for summary judgment."  *Wiley v. United States*, 20 F.3d 222, 226 (6th Cir. 1994)(*quoting Beyene v. Coleman Sec. Servs, Inc.,* 854 F.2d 1179, 1181 (9th Cir. 1988)).

With no greater success, Plaintiff attempts to show that circumstantial "evidence" demonstrates bias by each of the three panel members.  He accuses Doan of bias because she was selected for the same position over Plaintiff a year previously.  However, Doan's occupation of a position that Plaintiff had unsuccessfully applied for in the past does not prove that she harbored discriminatory animus against him based on his age.

Plaintiff accuses Doughman of personal animus toward Plaintiff on the basis that "recently" he sent "e-mails insinuating I'm not doing my job right," despite the fact that "[h]e is not my boss."  (Doc. 45 at 7).  Whatever personal animus Plaintiff believes the recent emails reflect, they are not evidence of age discrimination in 2005.

Last, Plaintiff accuses Duncan of bias on grounds that he *may* have been aware of Plaintiff's prior involvement in exposing and reporting "questionable credit card activity" in that panel member's department.[2]  In his deposition, however, Duncan testified that he was unaware of any such activity (Doc. 51-1 at 106), and Plaintiff offers no contrary evidence

---

[2]Plaintiff's arguments concerning each panel member's alleged bias do not include the panel member's names.  However, construing Plaintiff's allegations liberally and reading the depositions filed by Plaintiff in their entirety, the court has deduced the presumed identities of the respectively "biased" panel members.

13

to support his claim of age-related bias.

As further evidence that the panel itself was somehow rigged against him based on his age, Plaintiff notes that one panel member stated that the panel members themselves devised the nine questions asked of candidates, while others testified that Criscillis suggested which questions should be asked. This minor inconsistency does not prove age discrimination by the panel, as opposed to mere differences in the memories of the panel members as to how questions were formulated nearly a year prior to their depositions. There is no evidence (and Plaintiff does not allege) that the questions themselves- regardless of how formulated or by whom- contained any inherent age bias.

Plaintiff also offers deposition testimony to prove that Plaintiff answered all questions "reasonably." (Doc. 45 at 11). However, [a]s long as an employer has an honest belief in its proffered nondiscriminatory reason" for the adverse employment action, "the employee cannot establish that the reason was pretextual simply because it is ultimately shown to be incorrect." *Majewski v. Automatic Date Processing, Inc.,* 274 F.3d 1106, 1117 (6th Cir. 2001). The deposition testimony and other evidence filed by Plaintiff himself supports a finding that the Defendant had "an honest belief in its proffered nondiscriminatory reason" for failing to rank Plaintiff among the top candidates.

For example, during Doughman's deposition Plaintiff questioned Doughman about the accuracy of an EEOC counselor's report that stated that Doughman did not consider Plaintiff a top candidate because "he never answered the questions, he just rambled on for 6 minutes. He was exhaustive and flagrant with others." (Doc. 51-1 at 69-71; *see also* Doc. 46-3 at 2). Doughman's deposition testimony was consistent: that Plaintiff "rambled on" then "stopped and said, oh wait, I think I got a little off course here." (*Id.* at 71). When

14

Doughman repeated the question, Plaintiff "proceeded to ramble on again." Doughman testified that Plaintiff "rambled" in response to two of the nine questions. (*Id.*). While questioning Doughman directly during the deposition, Plaintiff asked "Is it accurate to say that I had stopped and requested you to repeat the question because I had actually forgotten what the question was about mid answer?" (*Id.* at 72). "That's where I rambled, I believe." (*Id.*).

Panelist Tammy Doan testified similarly that she did not select Plaintiff because he "interviewed poorly" and "rambled on about the questions that were asked" and "never answered the question that was asked." (Doc. 51-1 at 89-90). The EEOC investigation report consistently reflects that Doan stated that Plaintiff "would just go on and on about something else other than what we asked him. He didn't answer the questions directly." (*Id*. at 91-92.) Plaintiff argues that Doan could not recall specifically which questions were not answered directly by Plaintiff eleven months previously. However, her failure to recall that level of detail from an event nearly a year prior is not evidence of pretext. (*Id* at 93); *accord Langerman v. Thompson*, 155 F. Supp.2d 490, 497 (D. Md. 2001)(highly qualified white male not selected in top 5 by interview panel could not rebut reason for non-selection, even though panel members could not recall specific responses of each interviewee).

The third panel member, Michael Duncan, testified that he did not select Plaintiff based in part upon Plaintiff's response to one question that he could "lower my IQ to match yours." (Doc. 51-1 at 103-104; Doc. 46-4 at 2). Duncan also testified that he did not rate Plaintiff highly because Plaintiff "insinuated [he] would do things [his] way or no way." (*Id.*

at 104).  Duncan testified that Plaintiff stated during his interview that he was "going to change the program before we even got a chance to start working with it."  (*Id*).  When asked why he rated Plaintiff's responses lower, Duncan explained that it was "the way that [Plaintiff] wanted to run things, change it, lower your IQ to meet ours, would indicate to me that it would be a problem working within engineering."  (*Id.* at 105).  Plaintiff argues that his responses were taken out of context.  However, Plaintiff's disagreement with Duncan's interpretation of his responses is not evidence of pretext.  *See also Petty v. Tennessee Dept. of Children's Serv.*, 2008 WL 53766, *12 ("A plaintiff's bald allegation that the defendant's proffered basis for not hiring him was pretextual is not enough to survive summary judgment.").

In this case, Plaintiff has failed to demonstrate that Defendant's articulated reasons for not selecting him for the position (that he was not among the top candidates chosen by the panel) were pretextual.  Plaintiff did not attempt to show that the qualifications of Ms. Fausz (or for that matter, of Mr. Taylor) were falsely stated by the panel or by Ms. Criscillis.  Ultimately, he fails to offer any evidence sufficient to create an issue of fact as to whether the Defendant's articulated reasons for failing to hire him were pretextual. *See Pucci v. BASF Corp.*, 55 Fed. Appx. 243, 2002 WL 31890921 (6th Cir. 2002)(employer entitled to summary judgment where employee merely argued that his own qualifications were superior to the selected younger candidate); *see also Bender v. Hecht's Dept. Stores*, 455 F.3d 612, 626-27 (6th Cir. 2006)("to survive summary judgment the rejected applicant's qualifications must be so significantly better than the successful applicant's qualifications that no reasonable employer would have chosen the latter applicant over the former");

16

*Profitt v. Butler County Bd. of Mental Health and Developmental Disabilities*, 2008 WL 343289 (S.D. Ohio Feb. 7, 2008)(summary judgment granted where interview team's selection of younger candidate unrefuted by objective evidence that plaintiff was significantly more qualified).

### III. Conclusion and Recommendation

For the reasons stated herein, **IT IS RECOMMENDED THAT** Plaintiff's motion for summary judgment (Doc. 45) be **DENIED**, that Defendant's cross-motion for summary judgment (Doc. 46) be **GRANTED**, and that this case be closed and stricken from the active docket.

*s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

WALTER BENN                                          Case No. 1:07-cv-854

        Plaintiff,                              Weber, J.
                                                     Bowman, M.J.

    v.

JAMES B. PEAKE, Secretary,
Department of Veterans Affairs, et al.,

        Defendants.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R.  That period may be extended further by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections.  A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).