# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

WALTER BENN,

    **Plaintiff**

    v.        **Case No. 1:07-cv-854-HJW**

ERIC SHINSEKI, Secretary,[1]
Department of Veteran Affairs,
et al.

    **Defendant**


   This matter is before the Court upon the Report and Recommendation of the United States Magistrate Judge (doc. no. 61) , plaintiff's objections (doc. no. 62), and defendants' response (doc. no. 63).   With respect to the parties' cross-motions for summary judgment, the Magistrate Judge recommended that plaintiff's motion (doc. no. 45) be <u>denied</u>; that defendants' motion (doc. no. 46) be <u>granted</u>; and that this case be dismissed and terminated on the docket of this Court.

   Plaintiff is proceeding *pro se,* and his objections are rambling and disjointed. To the extent he has raised any arguments cognizable here, and affording him the liberal consideration due to *pro se* litigants, the Court finds that his contentions have

---

[1]**Rule 25 of the Federal Rules of Civil Procedure provides that a public officer's "successor is automatically substituted as a party" and that "the court may order substitution at any time."  As Ericj Shinseki is now the Secretary of the Department of Veteran Affairs, his name is hereby substituted.**

been adequately addressed and properly disposed of by the Magistrate Judge in the very thorough Report and Recommendation.

Plaintiff generally objects to the conclusions of the Report and Recommendation, but presents no particularized arguments that warrant specific responses by this Court.  "[A] general objection to a magistrate's report, which fails to specify the issues of contention, does not satisfy the requirement that an objection be filed."  Howard v. Secretary of Health and Human Servs., 932 F.2d 505, 508-09 (6th Cir. 1991).  "The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious."  Id at at 509. Plaintiff's conclusory objections do not meet the requirement that objections be specific.  Millver v. Currie, 50 F.3d 373, 380 (6th Cir. 1995).

In any event, upon *de novo* review of the record, the Court finds that the Magistrate Judge has accurately set forth the controlling principles of law and properly applied them to the particular facts of this case. Although Plaintiff urges this Court to ignore controlling case law regarding age discrimination claims, this Court may not do so.  For example, the Magistrate Judge correctly cited Gross v. FBL Financial Services, Inc., 129 S.Ct. 2343 (2009) for the proposition that the plaintiff retains the burden of persuasion to establish that age was the "but-for" cause of the employer's decision.  In his objections, plaintiff argues that "this Court should disregard and not subject this case to any 'Gross' standard . . . as it will be refuted and/or defeated . . . Gross standard remains highly objectionable anyway (5-4 margin?), and Congress is expected to quash, reverse or resolve this quite objectionable standard" (doc. no. 62 at 2).   Plaintiff fails to comprehend that this

Court may not depart from binding precedent of the United States Supreme Court. Plaintiff presents no cogent argument as to why such relevant law should not apply, and his unfounded speculation that the Gross decision might be reversed in the future is unavailing.[2]

The *pro se* plaintiff's other objections are often difficult to follow. He confuses the actual issues presently before this Court and disputes earlier rulings by Magistrate Judge Timothy Hogan and District Judge Sandra Beckwith (doc. no. 62 at 7-9). Those matters are not presently before this Court, and plaintiff may not use his objections to "appeal" a prior decision. Plaintiff complains of matters that have nothing to do with his present claim of age discrimination, including discovery in an earlier lawsuit that was dismissed (doc. no. 62 at 9-12). To the extent plaintiff attempts to raise new or unrelated matters, it is not proper to include them in his objections to the Report and Recommendation. Murr v. United States, 200 F.3d 895, 902 fn.1 (6th Cir. 2000);  United States v. Waters, 158 F.3d 933, 936 (6th Cir. 1998). Although plaintiff seeks "reinstatement" of his prior claims (doc. no. 62 at 7), he may not do so in his objections.

With respect to the age discrimination claim actually before this Court, the Magistrate Judge recommended that the plaintiff had established a prima facie case and that the defendants had put forth a legitimate nondiscriminatory reason for the employment decision. The record reflects that a three-person panel screened the

---

[2]In fact, plaintiff torpedoes his own case by arguing that "some level of animosity existed between Ms. Criscillis and the plaintiff, which, aside from age, would have probably been cause for Ms. Criscillis to not select plaintiff for job anyway, regardless of whether he has proven to be a member of a protected class" (doc. no. 62 at 9).

job applicants based on their written skills, personal interviews, and communication skills.  All applicants for the position were asked the same questions.  Plaintiff apparently interviewed poorly and gave rambling answers that did not address the questions asked.  The panel then selected two top candidates, including a 50 year-old man who was substantially older than plaintiff.  The supervisor Ms. Criscillis then hired one of the two candidates selected by the panel.

Plaintiff has failed to rebut the nondiscriminatory reason for his non-selection for the position.  Plaintiff makes vague unsubstantiated allegations of discrimination, but does not point to any evidence in the record that would raise a reasonable inference of age discrimination.  Plaintiff has not carried his burden at the final step to raise a genuine dispute as to whether the hiring decision was a "pretext" for age discrimination.  Plaintiff did not produce or cite to any evidence that his qualifications were superior in any way.  Plaintiff's speculation that the use of a three-person panel for evaluation of the job candidates was somehow discriminatory is unsubstantiated and makes little sense, particularly in light of the objective criteria used by the panel for its selections.

In conclusion, plaintiff's objections fail to demonstrate any error in the Report and Recommendation, and this Court agrees with the Magistrate Judge's proposed findings of fact and conclusion of law. The Magistrate Judge set forth the appropriate law and standards used by the Court of Appeals for the Sixth Circuit and the United States Supreme Court, and properly applied it to the facts of this case. Defendants have shown that there is no genuine dispute as to any material fact and that they are entitled to judgment as a matter of law.  Fed.R.Civ.P. 56(a).

Accordingly, the Court **ADOPTS AND INCORPORATES BY REFERENCE HEREIN** the Report and Recommendation of the United States Magistrate Judge (doc. no. 61).  Plaintiff's motion for summary judgment (doc. no. 45) is **DENIED**; defendants' motion for summary judgment (doc. no. 46) is **GRANTED**.

This case is **DISMISSED** and **TERMINATED** on the docket of this Court.

**IT IS SO ORDERED.**

　　　　　　　　　　　　　　　　　　　　　s/Herman J. Weber
　　　　　　　　　　　　　　　　　　　　**Herman J. Weber, Senior Judge**
　　　　　　　　　　　　　　　　　　　　**United States District Court**